[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15417
Non-Argument Calendar
_____

D.C. Docket No. 1:97-cr-00327-WCO-JMF-7


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ASBY HILL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 4, 2015)


Before HULL, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Asby Hill appeals from the district court's order revoking his supervised release and imposing a sentence for violating the conditions of his supervised release. Hill was originally convicted of conspiring to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. He was sentenced to 160 months' imprisonment followed by 5 years of supervised release under 21 U.S.C. § 841(b)(1)(C), a Class C felony. His term of supervised release commenced on June 3, 2011. In November 2014, the district court revoked Hill's supervised release and sentenced him to 6 months' imprisonment followed by 4.5 years of supervised release.

On appeal, Hill contends the district court did not have jurisdiction to revoke his supervised release and impose a sentence because, according to Hill, he had already served the three-year statutory maximum term of supervised release at the time of his revocation hearing. *Compare* 21 U.S.C. § 841(b)(1)(C) (requiring a term of supervised release of "at least 3 years"), *with* 18 U.S.C. § 3583(b) (stating "[e]xcept as otherwise provided," the term of supervised release for a Class C felony may be "not more than three years"). As Hill acknowledges, his argument is foreclosed by our binding precedent. In *United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001) (*en banc*), *abrogated in part on other grounds by United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir. 2005), this Court held that 21 U.S.C. § 841(b)(1)(C)'s three-year minimum term of supervised release is not capped by

2

18 U.S.C. § 3583(b)(2)'s three-year maximum because it falls within § 3583(b)'s "[e]xcept as otherwise provided" language. *See id.* at 1287 ("Section 841(b)(1)(C), in fact, expressly 'otherwise provide[s]'-specifically, § 841(b)(1)(C) provides that the term of supervised release for that particular Class C felony must be 'at least three years.'" (quoting 21 U.S.C. § 841(b)(1)(C)).  Accordingly, we **AFFIRM**.